IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

SAMUEL K. JACOBS, *et al.*,                    *

               Plaintiffs,        *

    v.                                                            Civil Action No. AW-05-1505
                            *                  *ECF-EXEMPT*

ASEFA MEKONNEN, *et al.*,

               Defendant.        *

                      * * * * *

## MEMORANDUM OPINION

Samuel Jacobs and Nancy Heckerman (collectively, "Plaintiffs") filed this *pro se* action against Asefa Mekonnen, Kassa Kebede, and Robert Rothstein (collectively, "Defendants"), invoking federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs' Complaint, a rambling, thirty-seven page document styled as a "Complaint Under Torts for Slander and Libel Through Fraud," alleges that Defendants have violated numerous federal criminal statutes and committed a variety of common law torts, among them defamation, invasion of privacy, and intentional infliction of emotional distress. Presently pending before the Court are a Motion to Dismiss by Defendants Mekonnen and Kebede [12] and a separately-filed Motion to Dismiss by Defendant Rothstein [14]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For reasons set forth below, the Court will grant Defendants' motions and dismiss this action.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs' Complaint strays far from the dictates of Fed. R. Civ. P. 8(a)(2), which provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Instead, Plaintiffs have submitted a rambling, disjointed, and often-incoherent narrative laced with conclusory legal assertions, citations to irrelevant authorities, xenophobic tirades against foreign-born defendants, and gratuitous allegations of, *inter alia*, alcoholism, pedophilia, and links to international terrorism. Given, however, that this is a *pro se* Complaint, the Court is "obligated to construe it liberally to assert any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). Thus, the Court will endeavor to summarize the pertinent factual allegations below.

In April 2004, Plaintiff Samuel Jacobs met Defendant Asefa Mekonnen, an Ethiopian-born physican, at the medical clinic where the latter worked. Impressed at first by the young doctor, who spoke of his desire to open a series of sleep apnea disorder centers in the Baltimore-Washington area, Jacobs alleges that he "instructed" that $450,000 in start-up funding be wired from "investors abroad" to Mekonnen's sister in Ethiopia. (Compl. ¶ 13.) The purported purpose of initially sending the money to Ethiopia was to confer status upon Mekonnen "back home," and then to impress the local medical community by bringing the ostensibly foreign funds into Maryland. (*Id.* ¶ 12.) Jacobs alleges, however, that he began to experience doubts about the venture, and asked Mekonnen to return the $450,000 in start-up money, of which $77,000 was eventually repaid. While Jacobs was seeking the return of the funds, Mekonnen introduced him to Defendant Kassa Kebede, whom Mekonnen allegedly claimed was an "Ambassador" or "former Ambassador." (*Id.* ¶ 32.) As far as the Court can glean from the allegations set forth in the Complaint, Kebede's entire involvement in this controversy was to have "ordered" Jacobs to promptly settle his dispute with Mekonnen, and to have told Jacobs that he "would call Secretary [of State Condoleezza] Rice and 'report' to her about Jacobs." (*Id.* ¶ 37.)

In May 2005, Mekonnen filed for an "Interim Peace Order" in the District Court for Montgomery County, Maryland, alleging that Jacobs had issued threats againt him. Jacobs, in turn, also filed for a peace order, alleging that Mekonnen had threatened to have his brother "snap [him] like a twig." (*Id.* ¶ 39.) A hearing on both parties' peace orders was set for May 24, 2005. At the hearing, Mekonnen, who was accompanied by Defendant Robert Rothstein, a fellow physician, alllegedly "went on a verbal tirade" and accused Plaintiff Jacobs of being an "international criminal." (*Id.* ¶ 41.) In addition, Defendant Rothstein is alleged to have "advised and encouraged" Mekonnen in making his purportedly slanderous and defamatory accusations.

Plaintiffs' Complaint does not provide any information as to the outcome of the state court proceeding. However, on June 3, 2005, Plaintiffs filed their Complaint in this Court, alleging violations of a multitude of federal criminal statutes and a number of state law torts. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that Plaintiffs have failed to make out a federal claim and that, given the lack of diversity between the parties,[1] this Court should decline to exercise its discretion under 28 U.S.C. § 1367 to decide Plaintiffs' state law causes of action. Defendants also contend that, even if this Court were to exercise supplemental jurisdiction over Plaintiffs' tort claims, Plaintiffs' Complaint must be dismissed because it fails to adequately set forth any claims upon which relief may be granted. For reasons set forth more fully below, the Court concludes that Plaintiffs have failed to state a claim under federal law. Consequently, the Court will relinquish jurisdiction over Plaintiffs' state law causes of action and dismiss this case.

---

[1] Plaintiffs' address on the peace order attached to their Complaint indicates that they are, like all defendants in this action, residents of the state of Maryland. The pleadings also make clear that the Washington, D.C. address listed in the caption of the Complaint denotes the location of Plaintiffs' office, not of their home. *See* Pls. Resp. to Defs.' Mot. to Dismiss at 11.

## II.   **APPLICABLE LEGAL STANDARDS**

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the court has the authority to hear and decide the case before it. A Rule 12(b)(1) motion is properly granted where a claim fails to allege facts upon which the court may base jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating the merits of

4

a Rule 12(b)(1) motion, courts may consider exhibits outside the pleadings to resolve factual disputes

concerning jurisdiction, without converting the motion into a motion for summary judgment. *See*

*Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). The court must presume that all factual

allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor.

*Khoury v. Meserve*, 268 F.Supp.2d  600, 606 (D. Md. 2003).

## III.   ANALYSIS

### A. Plaintiffs' Federal Claims

Plaintiffs' Complaint references a variety of federal criminal statutes. In particular, the

Complaint cites to:

| 18 U.S.C. § | Description | Complaint Paragraph |
|---|---|---|
| 241 | Conspiracy Against Constitutional or Federal Rights | 77-80, 80, 86 |
| 1343 | Fraud by Wire, Radio, or Television | 78, 94 |
| 1503 | Influencing or Injuring United States Court Officer or Juror Generally | 79 |
| 1951 | Interference with Commerce by Threats or Violence (Hobbs Act) | 80-83, 88, 92 |
| 1961 | Racketeering (Definitions) | 5, 6, 92 |
| 1964 | Racketeering (Civil Remedies) | 91 |
| 2331 | Domestic Security Enhancement Act of 2003 (Patriot Act II) | 7, 78 |

With the exception of 18 U.S.C. § 1964—which permits a litigant to bring a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO")—these provisions do not provide a private right of action for monetary damages. "It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Flowers v. Tandy Corp.*, 773 F.2d 585, 589 (4th Cir. 1985) (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)). Furthermore, it is well established that "[i]ndividual citizens have no private right of action to institute federal criminal prosecutions." *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999). Thus, unless Plaintiffs have stated a viable cause of action under RICO, Plaintiffs' claims under federal criminal law must be dismissed. However, even under a liberal reading of Plaintiffs' Complaint, it is clear that they have failed to state a cognizable RICO claim.

In order to allege a RICO violation, Plaintiffs must allege that they have been "injured in [their] business or property by reason of a violation of section 1962." 18 U.S.C. § 1964. Section 1962 makes it unlawful for "any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce to conduct or participate in . . . a pattern of racketeering activity." 18 U.S.C. § 1962(c). "Racketeering activities," which are statutorily defined in Section 1961, include mail and wire fraud (18 U.S.C. §§ 1341, 1343). A "pattern of racketeering activity" requires at least two predicate acts that "are related or that constitute or pose a threat of continued criminal activity." *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000); 18 U.S.C. § 1961(5).

Plaintiffs' Complaint fails to set forth sufficient facts to allege *any* of the elements of a RICO claim. First, although the Complaint alleges that $450,000 was wired to Defendant Mekonnen's sister in Ethiopia, Plaintiffs do not allege that any of *their* money was wired to anyone; instead,

Plaintiffs assert that they "instructed" foreign "investors" to transfer the funds. Thus, Plaintiffs have failed to allege that they were "injured in [their] business or property" through Defendants' unlawful acts. Plaintiffs do not have standing to assert a RICO claim on behalf of a third party. *See, e.g., Mktg. Prods. Mgmt., LLC v. Healthandbeautydirect.com, Inc.*, 333 F. Supp. 2d 418, 423 n.6 (D. Md. 2004) (discussing RICO plaintiffs' acknowledgement "that they have no standing to assert as a ground for relief wrongs done by [the defendant] to others"); *Lifschultz Fast Freight, Inc. v. Consol. Freightways Corp. of Del.*, 805 F. Supp. 1277, 1292 (D.S.C. 1992) (holding that RICO plaintiff must establish that it, rather than third parties, detrimentally relied on defendants' alleged misrepresentations).

Second, even if Plaintiffs had standing to assert a claim on behalf of the allegedly defrauded foreign investors, Plaintiffs' Complaint fails to allege that Defendants have engaged in a "pattern of racketeering activity," which requires, at a minimum, the commission of two predicate acts. 18 U.S.C. § 1961(5). While the list of "racketeering activities" encompassed by the RICO statute is both lengthy and broad, *see* 18 U.S.C. § 1961(1), it does not include the tortious conduct—such as defamation, invasion of privacy, and infliction of emotional distress—that is alleged in the Complaint. Sifting through the Complaint's factual allegations, it appears that wire fraud is the only colorable RICO claim contained therein. However, as Plaintiffs have only alleged one instance of wire fraud, they have clearly failed to set forth facts sufficient to establish that Defendants engaged in a "pattern of racketeering activity."

Third, in order to state a RICO claim, a plaintiff must plead the existence of an "enterprise," which can be either (1) a legal association, or (2) an association-in-fact. 19 U.S.C. § 1961(4). As Plaintiffs have not alleged that Defendants are members of a legal association, Plaintiffs' RICO

claim may be sustained only if Defendants comprise an "association-in-fact." To adequately allege

the existence of an association-in-fact enterprise, Plaintiffs must allege "evidence of an ongoing

organization, formal or informal, which functions as a continuing unit." *United States v. Turkette*,

452 U.S. 576, 583 (1981). In determining whether a plaintiff has properly pled an association-in-fact

enterprise, a court must look to the allegations of "hierarchy, organization, and activities of the

association." *Manhattan Telecomm. Corp., Inc. v. Dialamerica Mktg., Inc.*, 156 F.Supp.2d 376, 380

(S.D.N.Y. 2001). Specifically, a complaint must allege "an ascertainable structure distinct from the

pattern of racketeering activities." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1079 (D.Md.

1991). Here, Plaintiffs' Complaint does not allege that Defendants were organized into a distinct

enterprise. According to Plaintiffs, Defendant Mekonnen persuaded Plaintiff Jacobs to initiate a

fraudulent wire transfer. Defendant Kebede's only involvement in this matter was to "order" Jacobs

to settle his dispute with Mekonnen and to tell Jacobs that he "would call Secretary [of State

Condoleezza] Rice and 'report' to her about Jacobs." (Compl. ¶ 37.) Defendant Rothstein, for his

part, accompanied Mekonnen to the peace order proceeding, where he "advised and encouraged"

Mekonnen in making his allegedly slanderous and defamatory accusations. Assuming, for purposes

of the instant motions, the truth of Plaintiffs' allegations, Plaintiffs still have failed to allege that

Defendants comprised, or were somehow associated with, "an ongoing organization . . . which

functions as a continuing unit." *Turkette*, 452 U.S. at 583. For this reason, and for all the reasons set

forth above, Plaintiffs' Complaint fails to state a viable RICO claim.

Because the the only federal claim in this case will be dismissed, there is no longer a basis

for this Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity

jurisdiction under 28 U.S.C. § 1332 is also lacking, as all Plaintiffs and all Defendants are residents

of the state of Maryland. While this Court may, in its discretion, exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), "district courts may decline to exercise supplemental jurisdiction over a claim [if] ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a); *see Bryan v. Bellsouth Communications, Inc.*, 377 F.3d 424, 428 (4th Cir. 2004). Because this case essentially raises tort claims under Maryland common law, and as this Court has dismissed all federal claims from the Complaint, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, this case will be dismissed in its entirety.

**B. Defendants' Motion for Attorneys Fees**

In their Motion to Dismiss, Defendants Mekonnen and Kebede seek attorneys' fees under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Defendants point out that this case is only the latest in a series of unsuccessful actions that Plaintiffs have filed in federal court. However, while there is some indication that Plaintiffs are, in fact, serial litigants who frequently present frivolous claims in this jurisdiction and others, a finding of bad faith is a prerequisite for the imposition of fees under Section 1927. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). In the instant case, the Court cannot conclude that Plaintiffs filed this action for reasons other than the vindication of legal rights they believed to have been violated. Furthermore, Plaintiffs' previous suits were against different defendants and were predicated on distinct sets of facts. In addition, the focus of Section

1927 is "on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499,

511 (4th Cir. 1999). Sanctions under Section 1927 may be appropriate when a litigant "unreasonably

and vexatiously" "multiplies the proceedings in any case." Here, Plaintiffs have not sought to delay

the judicial process by filing numerous motions in bad faith. *Cf. id.* at 511-12 (concluding as a matter

of law that the filing of a single complaint cannot serve as the basis for the imposition of sanctions

under Section 1927). Accordingly, the request for sanctions shall be denied.

IV.   **CONCLUSION**

For all of the aforementioned reasons, the Court finds that Plaintiffs have failed to state a

viable claim under federal law. Lacking federal question or diversity jurisdiction, the Court will

dismiss Plaintiffs' remaining state law claims. Accordingly, Defendants' Motions to Dismiss [12],

[14] shall be GRANTED. Defendants Mekonnen and Kebede's request for sanctions, however, shall

be DENIED. An Order consistent with this Opinion will follow.


Date:   February 24, 2006

Alexander Williams, Jr.
United States District Court